1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    SAYIDEN HUSSEIN MOHAMED,

9                        Plaintiff,          CASE NO. C16-0126-JLR-MAT

10         v.
                                             REPORT AND RECOMMENDATION
11   OFFICER HILT 6199,

12                        Defendant.

13

14                              INTRODUCTION

15         Plaintiff Sayiden Hussein Mohamed is a county prisoner who is currently confined at the

16   Snohomish County Jail.   Proceeding *pro se* and *in forma pauperis*, he filed a civil rights

17   complaint under 42 U.S.C. § 1983, alleging Officer Hilt discriminated against him on the basis

18   of race in violation of the Fourteenth Amendment.  Dkt. 6.  After screening under 28 U.S.C. §

19   1915(e), the Court declined to serve the complaint because it was deficient.  Dkt. 7.  Plaintiff

20   timely filed an amended complaint.  Dkt. 8.  Because the amended complaint fails to cure the

21   previously identified deficiencies, the Court recommends that the complaint and this action be

22   dismissed without prejudice and that the dismissal count as a strike under 28 U.S.C. § 1915(g).

23   / / /

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

A.    Legal standards

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted).  To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The factual allegations must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory.  *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).  When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain a civil rights action, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

REPORT AND RECOMMENDATION
PAGE - 2

B.   <u>Plaintiff's amended complaint fails to state a claim upon which relief may be granted</u>

In his original complaint, plaintiff alleged that Officer Hilt repeatedly made racially offensive comments, such as calling him an "Islamic terrorist" and stating, "Your whole country Somalia is terrorist."   Dkt. 6 at 3.   Plaintiff claimed these comments constituted racial discrimination and racial segregation in violation of the Equal Protection Clause of the Fourteenth Amendment.   *Id.* at 3-4.   Plaintiff also alleged that he had filed three grievances related to Officer Hilt's comments, but he had not received any response from the jail.   *Id.* at 3.

In declining to serve plaintiff's complaint, the Court explained that to state an equal protection claim, a plaintiff must allege that the defendant intentionally discriminated against him based upon membership in a protected class.   *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   The Court informed plaintiff that he failed to state a Fourteenth Amendment claim because his allegations of verbal harassment were insufficient to state a constitutional deprivation under § 1983.   *Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (prison officials' abusive language towards Muslim inmates insufficient to establish equal protection violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *McCollum v. California*, 610 F. Supp. 2d 1053, 1060 (N.D. Cal. 2009).

The Court also noted that plaintiff's bare allegation of "racial segregation" was unsupported by any facts; and thus, although "racial segregation . . . is unconstitutional within prisons, save for the necessities of prison security and discipline," *Johnson v. State of Cal.*, 207 F.3d 650, 655 (9th Cir. 2000) (internal citation and quotation omitted), plaintiff failed to state a viable equal protection claim on this basis.

The Court further explained that plaintiff could not state a cognizable claim under § 1983

REPORT AND RECOMMENDATION
PAGE - 3

for failure to process his grievances because prisoners have no stand alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Allen v. Wood*, 970 F. Supp. 824, 832 (E.D. Wash. 1997); *Stewart v. Block*, 938 F. Supp. 582, 588 (C.D. Cal. 1996). As there is no right to any particular grievance process, the Court explained, it is impossible for plaintiff's due process rights to have been violated by ignoring his grievances or failing to properly process them.

Finally, the Court notified plaintiff that if his amended complaint did not correct the deficiencies identified by the Court, the Court would recommend dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Dkt. 7 at 4.

Plaintiff's amended complaint alleges essentially the same facts as his original complaint. He alleges that Officer Hilt called him racially offensive names, and he complains about the investigation into his grievances. Dkt. 8 at 3. But as just discussed, Officer Hilt's use of derogatory language does not support a constitutional claim. Likewise, plaintiff cannot obtain § 1983 relief for the alleged defects in the jail's handling of his grievances. As plaintiff has already had the opportunity to amend his complaint, it is apparent that further amendment would be futile. This action should be dismissed prior to service for failure to state a claim upon which relief may be granted.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that plaintiff's amended complaint and this action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted and that **dismissal count as a strike under 28 U.S.C. § 1915(g)**. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 4

1

<u>DEADLINE FOR OBJECTIONS</u>

2
      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

3
served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

4
and Recommendation is signed.  Failure to file objections within the specified time may affect

5
your right to appeal.  Objections should be noted for consideration on the District Judge's

6
motions calendar for the third Friday after they are filed.  Responses to objections may be filed

7
within **fourteen (14) days** after service of objections.  If no timely objections are filed, the

8
matter will be ready for consideration by the District Judge on **<u>March 25, 2016</u>**.

9
      DATED this <u>29th</u> day of February, 2016.

10

11

12
Mary Alice Theiler
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 5